IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLARENCE DEAN LACY, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-3389 |
| | § | |
| WILSHIRE CREDIT | § | |
| CORPORATION, | § | |
| Defendant. | § | |

# **MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 16] filed by Defendant Wilshire Credit Corporation ("Wilshire").[1] Plaintiff Clarence Dean Lacy filed a Response [Doc. # 18] in opposition to Defendant's Motion. Defendant neither filed a Reply nor requested additional time to do so. Having reviewed the full record and applied governing legal authorities, the Court **denies** Defendant's Motion.

---

[1] Also pending are Plaintiff's Motion to Strike Defendant's Summary Judgment Evidence [Doc. # 19] and Motion for Continuance [Doc. # 20] seeking additional time to respond to Defendant's Motion for Summary Judgment. Defendant filed a Response [Doc. # 21] opposing Plaintiff's Motion for a Continuance. Because the Court has not considered any evidence that is not properly considered for summary judgment purposes, and because Plaintiff filed a full and timely response to Defendant's Motion for Summary Judgment, each of Plaintiff's motions are denied as moot.

## I.     BACKGROUND

Plaintiff purchased a tract of property in College Station, Texas, in 1993. In connection with the purchase, Plaintiff executed a promissory note and deed of trust. Eventually, the servicing of the loan was transferred to Defendant.

Plaintiff fell behind on his loan payments during a family emergency. After the emergency was resolved, Plaintiff contacted Wilshire to ask how much he needed to pay to bring the note current. Plaintiff alleges, supported by his own affidavit, that Wilshire's employee told him that the note was current. *See* Plaintiff's Affidavit, Exh. A to Response, ¶ 6. At that point, Plaintiff believed that his father had made the payments on his behalf during the period of emergency. *See id.* Defendant claims, supported by its evidence, that its employee told Plaintiff that the loan was on hold and that there was "no tad (total amount due)" and told him to call again the following week. *See* Affidavit of Danny Tye, Exh. A to Defendant's Motion, ¶ 9.

Plaintiff alleges that in October 2007, he discovered that a Non-Judicial Foreclosure Sale was held for his property in August 2007. The property was sold for $81,541.17. Plaintiff asserts that he would have brought the loan current had he known that it was delinquent and would, thereby, have avoided the foreclosure and sale.

On September 30, 2008, Plaintiff filed this lawsuit in Texas state court alleging negligent misrepresentation and fraud by Wilshire. On November 12, 2008, Defendant filed a timely Notice of Removal, removing the lawsuit to this Court. The Court conducted the initial pretrial and scheduling conference on January 26, 2009, establishing October 26, 2009, as the deadline for the parties to complete discovery. On April 9, 2009, Defendant filed its Motion for Summary Judgment. Defendant argues that the summary judgment evidence establishes conclusively that Wilshire never represented to Plaintiff that the loan was current and that there was no fraud. The Motion is now ripe for decision.

## II.    STANDARD FOR SUMMARY JUDGMENT

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of demonstrating that there is no evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Nat'l Union Fire Ins. Co. v. Puget Plastics Corp.*, 532 F.3d 398, 401 (5th Cir. 2008). If the moving party meets this initial burden, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. *See Hines v. Henson*,

293 F. App'x 261, 262 (5th Cir. 2008) (citing *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 278 (5th Cir. 2004)). The Court construes all facts and considers all evidence in the light most favorable to the nonmoving party. *Nat'l Union*, 532 F.3d at 401.

### III. ANALYSIS

Plaintiff asserts claims against Wilshire for negligent misrepresentation and fraud, and Wilshire seeks summary judgment on each of these claims.

"Negligent misrepresentation requires proof that: (1) the defendant in the course of his business or a transaction in which he had an interest; (2) supplied false information for the guidance of others; (3) without exercising reasonable care or competence in communicating the information; (4) the plaintiff justifiably relied on the information; (5) proximately causing the plaintiff's injury." *Kastner v. Jenkens & Gilchrist, P.C.*, 231 S.W.3d 571, 577 (Tex. App. -- Dallas 2007, no pet.); *see also In Re Stonebridge Techs., Inc.*, 430 F.3d 260, 267 n.4 (5th Cir. 2005). Plaintiff has presented evidence that Wilshire in the course of its business misrepresented to Plaintiff that his loan was current, that Plaintiff justifiably relied on that information in not making additional payments at that time, and that Plaintiff was injured as a result of the misrepresentation because his property was sold at foreclosure. *See* Plaintiff's Affidavit, ¶¶ 6-8, 11. Plaintiff's evidence raises a genuine issue of material fact precluding summary judgment on the negligent misrepresentation claim.

Under Texas law, the elements of a fraud cause of action are: (1) a material representation was made; (2) it was false when made; (3) the speaker either knew it was false, or made it without knowledge of its truth; (4) the speaker made it with the intent that it should be acted upon; (5) the party acted in reliance; and (6) the party was injured as a result. *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 563 n.3 (5th 2002) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998)). Plaintiff has presented evidence that Wilshire represented to him that his loan was current, that the representation was incorrect, that the Wilshire employee who made the representation either knew it was incorrect or did not know whether it was correct, that the Wilshire employee knew that Plaintiff would act on the information he provided, and that Plaintiff in fact relied on the information by not making additional payments on the loan at that time. *See* Plaintiff's Affidavit, ¶¶ 6-8, 11. Plaintiff has also presented evidence that he was injured as a result of his reliance on the misrepresentation because the property was sold at foreclosure. Plaintiff's evidence raises a genuine issue of material fact as to the fraud claim. As a result, summary judgment is inappropriate and must be denied.

### IV.   **CONCLUSION AND ORDER**

Plaintiff has presented evidence that raises a genuine issue of material fact as to his fraud and negligent misrepresentation claims. Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 16] is **DENIED**.  It is further

**ORDERED** that Plaintiff's Motion to Strike Defendant's Summary Judgment Evidence [Doc. # 19] and Motion for Continuance [Doc. # 20] are **DENIED AS MOOT**.

SIGNED at Houston, Texas, this **19th** day of **May, 2009**.

_____
Nancy F. Atlas
United States District Judge